| | | |
|---|---|---|
| Janice A. Weisel | \* | IN THE |
| 3356 Arundel on the Bay Road | | |
| Annapolis, MD 21403 | \* | UNITED STATES DISTRICT |
| | | |
| Plaintiff, | \* | COURT FOR THE EASTERN |
| | | |
| v. | \* | DISTRICT OF VIRGINIA |
| | | |
| One Federal Solution Corporation | \* | |
| 2560 Huntington Ave., Unit 503 | | |
| Alexandria, VA 22303 | \* | |
| | | |
| Defendant, | \* | |
| | | |
| Serve on Resident Agent: | \* | |
| | | |
| William F. Coffield, Esq. | \* | |
| 22 Alexander Street | | |
| Alexandria, VA 22314 | \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

**COMES NOW**, Janice A. Weisel, by and through her attorneys, Paul V. Bennett, Esq. and the law office of Bennett & Ellison, P.C., and hereby sues One Federal Solution Corporation (hereinafter referred to as "OFS"), and states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA").

2. This Court has jurisdiction pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* (hereinafter "ADEA").

3. This Court may adjudicate a claim of retaliation brought under the Virginia Human Rights Act, VA. CODE ANN. § 2.2-3905(B)(7) (hereinafter "VHRA").

1

4. Defendant OFS is a private entity formed under the laws of Virginia. Defendant OFS is located in Alexandria, VA and she performed her job duties in Arlington, VA.

5. That at all times relevant hereto, Defendant employed twenty (20) or more persons, and is thereby an "employer" within the meaning of the FLSA, ADEA, and VHRA, § 2.2-3905(B)(7).

6. In accordance with the ADEA and Virginia law, Plaintiff timely filed an Inquiry with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about March 18, 2020.

7. In accordance with the ADEA and Virginia law, Plaintiff timely filed a Charge of Discrimination with the EEOC on or about June 22, 2020. Said Charge was cross-filed with the Alexandria Office of Human Rights.

8. On September 2, 2020, Plaintiff received a Notice of Right to Sue from the EEOC.

9. Plaintiff has thereby properly exhausted all of her administrative remedies before filing suit and her lawsuit has been timely filed.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff was born in 1952. Defendant was aware at all times herein of Plaintiff's age.

11. On or about November 1, 2019, Defendant hired Plaintiff as a Senior IT Change Manager. Plaintiff held this position until her termination from employment on or about January 28, 2020.

12. As of January 28, 2020, Plaintiff earned approximately one hundred sixty thousand dollars ($160,000.00) per year as an employee of the Defendant.

13. Plaintiff's job duties as a Senior IT Change Manager included, without limitation, consolidating legacy IT Service Management ("ITSM") "BMC Software" instances and managing technical processes.

14. At all times relevant hereto, Plaintiff worked at a Department of Defense facility located in Arlington, Virginia.

15. At all times relevant hereto, Timothy Stanton, employed by Defendant as a Project Manager, served as Plaintiff's immediate supervisor.

16. On or about January 15, 2020, and in the presence of her co-worker Tiffany Trammell (believed to be under forty (40) years of age), Mr. Stanton harassed Plaintiff, loudly spoke to her, and challenged her to provide him with evidence of how she contributed to the work project. Plaintiff told Mr. Stanton several times and reminded him that he rejected all of her work product and that he micromanaged her. Mr. Stanton repeatedly reminded Plaintiff of how far she had to drive every day to be at the office, to the point where Plaintiff asked him whether he wanted her to quit.

17. On or about January 16, 2020, Plaintiff complained to Abdullah Baytops (believed to be at least fifteen (15) years younger than Plaintiff), Defendant's President and CEO, about Mr. Stanton's harassing behavior. In her January 16, 2020 complaint to Mr. Baytops, Plaintiff stated that, on January 15, 2020 and in front of her co-workers - Ms. Trammell, Tony Herndon (believed to be at least fifteen (15) years younger than Plaintiff), Phil Scott (believed to be at least fifteen (15) years younger than Plaintiff), and Olu Solaru (believed to be at least ten (10) years younger than Plaintiff), Mr. Stanton was unprofessional, rude, and condescending towards her. Plaintiff expressed that the aforementioned co-workers were very uncomfortable with how he

treated her, and she indicated "They [my coworkers] have witnessed you harassing me on numerous other occasions."

18. In her January 16, 2020 complaint to Mr. Baytops, Plaintiff stated that, on January 15, 2020 and in front of her aforementioned co-workers, Mr. Stanton unprofessionally rejected Plaintiff's timesheet because she allegedly did not work eight (8) hours on January 15, 2020. To the contrary, Plaintiff worked more than eight (8) hours on January 15, 2020 and sent work emails to Mr. Stanton well into that evening. Additionally, on or about January 15, 2020, Plaintiff told Mr. Stanton that he applied rules regarding working from home differently for her than for her co-workers.

19. Unlike with Plaintiff, Mr. Stanton approved Ms. Trammell's timesheets without issue and allowed her to work from home without issue.

20. In her January 16, 2020 complaint to Mr. Stanton and Mr. Baytops, Plaintiff cited Defendant's Employee Handbook which stated, in pertinent part "Exempt employees are paid on a salary basis, and in general, **must be paid their full salary for any week in which they perform work**." (Emphasis in original). Plaintiff requested that her timesheet be approved and thereby that she be paid her full salary for work she performed on January 15, 2020.

21. On or about January 28, 2020, Mr. Stanton terminated Plaintiff from employment allegedly because she was not the "right fit" for the position and did not satisfactorily perform her job duties.

22. Ms. Trammell and the other co-workers identified above all reported to Mr. Stanton and were governed by the same work standards and schedule as Plaintiff. At a minimum, Ms. Trammell had substantially similar job responsibilities as Plaintiff.

23. Mr. Stanton spoke to Plaintiff in a demeaning, harassing, and condescending manner, but did not do the same with her substantially younger co-workers.

24. At all times relevant herein, Plaintiff met and/or exceeded Defendant's legitimate job expectations.

## COUNT I
## RETALIATION
## (Materially Adverse Actions and Protected Activity Deterrents)
## FLSA, 29 U.S.C. § 201, *et seq.*

25. Plaintiff hereby restates and incorporates paragraphs 1-24 of this Complaint as though fully set forth herein.

26. On or about January 16, 2020, Plaintiff reported to Mr. Baytops about Mr. Stanton's ongoing harassment and Defendant not giving her credit for all hours she had worked on January 15, 2020. In her complaint, Plaintiff cited Defendant's Employee Handbook which stated, in pertinent part "Exempt employees are paid on a salary basis, and in general, **must be paid their full salary for any week in which they perform work**." (Emphasis in original). Plaintiff requested that her timesheet be approved and thereby that she be paid her full salary for work she performed on January 15, 2020.

27. The FLSA renders it unlawful for employers such as Defendant "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act." 29 U.S.C. § 215(a)(3).

28. Plaintiff thus engaged in a legally protected activity under the FLSA because she expressed her reasonable and good faith belief that she was not going to be fully

compensated under the FLSA. *See* 29 C.F.R. § 541.600 (discussing salary requirement for exempt employees), 29 C.F.R. § 541.602 (discussing how exempt employees should be compensated). Defendant was thereby put on notice that Plaintiff sought to assert a FLSA claim.

29. On or about January 28, 2020, Mr. Stanton terminated Plaintiff from employment allegedly because she was not the "right fit" for the position and did not satisfactorily perform her job duties.

30. Plaintiff suffered materially adverse action by the Defendant subsequent to her protected activity in that she was discharged from employment after complaining about Mr. Stanton's ongoing harassment including not being credited for hours worked and thereby denied pay. *See* 29 U.S.C. § 215(a)(3).

31. The close proximity in time between Plaintiff's legally protected activity on or about January 16, 2020 and her subsequent termination from employment on or about January 28, 2020 establishes a causal connection between the two (2).

32. Because of Defendant's willful violation of the FLSA, 29 U.S.C. § 215(a)(3), Defendant is liable to Plaintiff under 29 U.S.C. § 216(b) for monetary relief including back pay, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT II**
**AGE DISCRIMINATION**
**(Disparate Treatment)**
**Age Discrimination in Employment Act of 1967, as amended,**
**29 U.S.C. § 621,** *et seq.*

33. Plaintiff hereby restates and incorporates paragraphs 1 through 24 of this Complaint as though fully set forth herein.

34. Plaintiff was qualified and satisfactorily performing her duties as a Senior IT Change Manager.

35. Plaintiff was subjected to adverse employment actions, including without limitation, termination from employment.

36. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of her age (born in 1952) – a protected class under the ADEA.

37. That the aforementioned acts constitute unlawful practices pursuant to the ADEA.

38. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her age (born in 1952).

39. That the unlawful employment practices complained of above were intentional.

40. Unlike with Plaintiff, Mr. Stanton approved Ms. Trammell's timesheets without issue and allowed her to work from home without issue.

41. Mr. Stanton spoke to Plaintiff in a demeaning, harassing, and condescending manner, but did not do so with her substantially younger co-workers.

42. Plaintiff's age was the "but-for factor" behind the described adverse treatment.

43. That the intentional discriminatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

44. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and incurred attorneys' fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## **RETALIATION**
## **(Materially Adverse Actions and Protected Activity Deterrents)**
## **Age Discrimination in Employment Act of 1967, as amended,**
## **29 U.S.C. § 621,** *et seq.*

45. Plaintiff hereby restates and incorporates paragraphs 1 through 24 of this Complaint as though fully set forth herein.

46. On or about January 15, 2020, Plaintiff told Mr. Stanton that he applied rules regarding working from home differently for her than for her co-workers.

47. On or about January 16, 2020, Plaintiff reported to Abdullah Baytops (believed to be at least fifteen (15) years younger than Plaintiff), Defendant's President and CEO, about Mr. Stanton's ongoing harassment. In her January 16, 2020 complaint to Mr. Baytops, Plaintiff stated that, on January 15, 2020 and in front of her co-workers - Ms. Trammell, Tony Herndon (believed to be at least fifteen (15) years younger than Plaintiff), Phil Scott (believed to be at least fifteen (15) years younger than Plaintiff), and Olu Solaru (believed to be at least ten (10) years younger than Plaintiff), Mr. Stanton was unprofessional, rude, and condescending towards her. Plaintiff expressed that the aforementioned co-workers were very uncomfortable with how he treated her, and she indicated "They [my coworkers] have witnessed you harassing me on numerous other occasions."

48. The aforementioned complaints constitute "legally protected activities" under the ADEA and were known by Defendant to have occurred.

49. Defendant interpreted Plaintiff's complaints as opposition to age-based discrimination and harassment in the workplace.

50. On or about January 28, 2020, Defendant terminated Plaintiff from employment allegedly because she was not the "right fit" for the position and did not satisfactorily perform her job duties.

51. Plaintiff's termination from employment, which immediately followed her "legally protected activities," amounted to illegal retaliation.

52. That the aforementioned act of retaliation for complaining of age-based discrimination and harassment constituted an unlawful employment practice pursuant to the ADEA.

53. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her legally protected activities.

54. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

55. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages, harm to her reputation with the Defense Information Systems Agency ("DISA"), and incurred attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT IV
### RETALIATION
### (Materially Adverse Actions and Protected Activity Deterrents)
### Virginia Human Rights Act
### § 2.2-3900, *et seq.*

56. Plaintiff hereby restates and incorporates paragraphs 1 through 24 of this Complaint as though fully set forth herein.

57. The VHRA prohibits an employer from discriminating against an employee because such individual has opposed any practice made an unlawful employment practice by the VHRA. VA. CODE ANN. § 2.2-3905(B)(7).

58. On or about January 15, 2020, Plaintiff told Mr. Stanton that he applied rules regarding working from home differently for her than for her co-workers.

59. On or about January 16, 2020, Plaintiff reported to Abdullah Baytops (believed to be at least fifteen (15) years younger than Plaintiff), Defendant's President and CEO, about Mr. Stanton's ongoing harassment. In her January 16, 2020 complaint to Mr. Baytops, Plaintiff stated that, on January 15, 2020 and in front of her co-workers - Ms. Trammell, Tony Herndon (believed to be at least fifteen (15) years younger than Plaintiff), Phil Scott (believed to be at least fifteen (15) years younger than Plaintiff), and Olu Solaru (believed to be at least ten (10) years younger than Plaintiff), Mr. Stanton was unprofessional, rude, and condescending towards her. Plaintiff expressed that the aforementioned co-workers were very uncomfortable with how he treated her, and she indicated "They [my coworkers] have witnessed you harassing me on numerous other occasions."

60. The aforementioned complaints constitute "legally protected activities" under the VHRA and were known by Defendant to have occurred.

61. Defendant interpreted Plaintiff's complaints as opposition to age-based discrimination and harassment in the workplace.

62. On or about January 28, 2020, Defendant terminated Plaintiff from employment allegedly because she was not the "right fit" for the position and did not satisfactorily perform her job duties.

63. Plaintiff's termination from employment, which immediately followed her "legally protected activities," amounted to illegal retaliation.

64. That the aforementioned act of retaliation for complaining of age-based discrimination and harassment constituted an unlawful employment practice pursuant to the VHRA.

65. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her legally protected activities.

66. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

67. As a direct and proximate result of the Defendant's retaliatory conduct, Plaintiff has suffered lost wages, harm to her reputation with DISA, and severe emotional distress, and has incurred attorneys' fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Janice A. Weisel, Plaintiff, demands judgment against Defendant, One Federal Solution Corporation, as follows:

a. Monetary damages (*e.g.* back pay, interest on the same, compensatory damages, liquidated damages, punitive damages, etc.) of $300,000.00;

b. Prejudgment and post judgment interest;

c. Award attorneys' fees and litigation costs, including expert witness fees, as allowed by law;

d. And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

_____/s/_____
Paul V. Bennett, Esq. (Bar No. 33554)
Bennett & Ellison, P.C.
2086 Generals Highway, Ste. 201
Annapolis, Maryland 21401
(410) 974-6000
(410) 224-4590 Fax
pbennett@belawpc.com

*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Janice A. Weisel, Plaintiff, hereby demands that this matter be tried by jury.

_____/s/_____
Paul V. Bennett, Esq. (Bar No. 33554)